# CARROLL,

## DECEMBER TERM, A. D. 1855.

---

### STATE *v.* HILTON.

An indictment for an assault and battery, under § 2, chap. 218, Rev. Stat., must show that proceedings upon a complaint and warrant before a justice of the peace were had, and that the respondent was bound over to the Court of Common Pleas.

Where, upon an indictment for assault and battery, it was proved on trial that the respondent was arraigned before a justice of the peace, and bound over to the Common Pleas, but the indictment did not show such arraignment and binding over; *held,* that the indictment was insufficient, and that judgment should be arrested.

INDICTMENT, for an assault and battery, setting forth that the respondent, on the 12th day of September, 1854, at Sandwich, in the county of Carroll, " with force and arms in and upon one Josiah C. Evans, did make an assault, and him, the said Josiah C. Evans, did then and there beat, bruise, wound and ill treat, and with a certain, which he, said Hilton, then and there held in his right hand, inflicted a grievous wound on the right leg of the said Evans, whereby the said Evans was cruelly and dangerously beaten, bruised and wounded, and his life greatly endangered, and other wrongs to the said Evans then and there did, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

At the commencement of the trial before the jury it was agreed, by the counsel for the State and for the respondent, that the said Evans had, immediately after the alleged injury, made

a complaint before a justice of the peace for said county, charging the respondent with making an assault with intent to kill, upon which complaint a warrant had issued, and that the examination thereon before the magistrate resulted in the respondent's being bound over for his appearance at court, at which court the bill was found.

The respondent's counsel contended that the indictment did not constitute a full and substantial description of an offence, but was informal, incomplete, and uncertain, because it did not describe the instrument with which the alleged wound was inflicted.

The court ruled and instructed the jury that the words of the indictment, " *and with a certain which he, said Hilton, then and .there held in his right hand, inflicted a grievous wound on the right leg of the said Evans, whereby the said Evans was cruelly and dangerously beaten, bruised and wounded, and his life greatly endangered*" — might be considered as surplusage, and disregarded in the evidence.

The jury returned a verdict of guilty, and the respondent moved in arrest of judgment, and also for a new trial for the following reason, to wit:

Because, if the indictment may be considered as perfect, after excluding what the court instructed the jury might be rejected as surplusage, it only describes a simple assault and battery, over which a justice of the peace has exclusive original jurisdiction.

*Sawyer, Eastman* and *Hale,* for the respondent, contended that, after striking out the words ordered by the court, the crime set up in the indictment would be only a simple assault and battery, and that it should appear to have been brought before a justice of the peace before coming to the common pleas: That the indictment should show of itself that the case had been before a justice of the peace, and, not so showing, it was bad: That not only all the allegations necessary to constitute an offence should be set forth in an indictment, but any preliminary proceedings

State *v.* Hilton.

required by law should also be averred. Trial of Burns, Law Reporter, 1854.

*Emerson,* solicitor for Carroll county. Rejecting the surplusage, the indictment is perfect. Every thing in aggravation may be shown under *alia enormia.* Arch. Cr. Pld. 42, 444.

EASTMAN, J. In drawing this indictment a clerical error was committed, by leaving out the word " *knife ;*" the consequence of which was, that the court, in order to sustain the indictment, thought it necessary to rule, and did rule, that all that part of the indictment which went to make the offence an aggravated assault, committed with the knife, should be rejected as surplusage. The indictment was thereby left as one for a simple assault and battery, and falling within the jurisdiction of a justice of the peace to try ; and in that form the trial was had upon it.

The indictment standing in that form, the exception was taken, and a motion is made in arrest of judgment, on the ground that the indictment does not show that the common pleas had jurisdiction of the case. It is contended that the indictment should show of itself that the case had been before a justice of the peace, and that it is insufficient to prove that fact on the trial.

The first section of the statute upon which the proceeding is founded (Comp. Stat., chap. 232,) provides, that if any person shall assault and beat another, or in any way break the peace, upon complaint and conviction thereof before any justice, he shall be fined not exceeding ten dollars, or imprisoned not exceeding thirty days, &c., and shall recognize to keep the peace.

The second section provides, that if such offence is of an aggravated nature, the justice may order such offender to recognize, with sufficient surety or sureties, to appear at the court of common pleas, next to be holden in the county, and on conviction of such offender he may be punished, &c.

Upon this statute it was several years since held, in a case not yet reported, that before the common pleas could take cognizance

of an indictment for an assault and battery, it must appear that the respondent had been arrested and brought before a justice of the peace, and bound over to appear at the succeeding term of the common pleas; and that an indictment found by a grand jury for an assault and battery, without such previous binding over, would be dismissed. This decision was made upon the ground, as we understand it, that such is the proper construction to be put upon the statute, and that such was the intention of the legislature in passing the act; that the intention of the statute is to confine the trial of common assaults and batteries to justices of the peace, and that the common pleas have not jurisdiction of the same except upon appeal, or upon a proper binding over by a magistrate, and that decision we are not inclined to disturb.

It being, then, essential that the respondent should be bound over for his appearance at the common pleas, an order to give that court jurisdiction of the offence, it appears to us that this fact should be set forth in the indictment. It is admitted that it must be proved; and if it is an essential matter of proof, then the respondent should have it alleged in the indictment against him, that he may know for what he is to be tried. *State* v. *Follet*, 6 N. H. 53; Wharton's Cr. Law 78, 81; Cowper 682; 4 Black. Com. 306. The indictment should show upon its face that the court have jurisdiction of the offence and the prisoner, and unless the jurisdiction thus appear the indictment will be bad.

The case of a petition to the common pleas for a road in a town, where it is necessary to set forth the previous action of the selectmen, is analogous to this case. There, the petition will be dismissed for want of jurisdiction, unless sufficient appears upon its face to give the court jurisdiction. *Dinsmore & al.* v. *Auburn*, 6 Foster 356; Sumner's Petition, 14 N. H. 268; *Smith* v. *Knowlton*, 11 N. H. 191; *Hoit* v. *Malony*, 2 N. H. 322; *Walpole* v. *Marlow*, ditto 385.

There being nothing in this indictment showing that the court had jurisdiction of the case, the judgment must be arrested.